[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs bring this action seeking a money judgment against the defendant Farm Family Mutual Insurance Company pursuant to the underinsured motorist provisions of two insurance policies issued by the defendant. The complaint contains two counts. The first sets forth the claim of the plaintiff Penny Cave for physical injuries suffered in an automobile collision. The second count sets forth the claim of the plaintiff Charles Cave, the spouse of Penny Cave, for loss of consortium arising out of his wife's injuries. Both counts set forth claims against both of the insurance policies issued by the defendant.
The defendant has now filed a motion for partial summary judgment, admitting its liability under one of the policies, a personal automobile policy, but denying liability under the second policy, a business automobile policy. The defendant seeks summary judgment in its favor on the business policy, contending that the plaintiffs' claims are not covered under that policy.
A threshold question for the court is whether, under the provisions of our Practice Book relating to summary judgment, the court can grant summary judgment with respect to a part of the plaintiffs' claim. Practice Book § 386, entitled "Judgment for Part of Claim," provides for summary judgment on part of a claim under two circumstances: (1) when part of the claim is admitted; or (2) where a defense applies to only part of a claim, thus permitting judgment to enter for the part to which the defense does not apply. The apparent purpose of § 386 is to permit summary judgment as to claims which are not in dispute. CT Page 7137Loika v. Aetna Casualty Surety, 10 Conn. L. Rptr. 627,1994 WL 30040 (1994).
The defendant in the present case, however, does not seek summary judgment as to the part of the claim which is admitted (coverage under the personal automobile policy.) The defendant seeks summary judgment as to the part of the claim which is very much disputed: whether there is coverage under the business automobile policy. Practice Book § 386 does not appear to permit summary judgment with respect to the disputed part of a claim.
The defendant's motion for partial summary judgment presents a second procedural problem as well: whether the court can enter summary judgment for only part of a count in the complaint. Both counts of the complaint in this action are based on both policies. To enter partial summary judgment as requested, the court would be entering summary judgment for only part of each count.
The court has found no appellate authority which permits summary judgment in favor of the defendant against the plaintiff for a portion of a count in the complaint. At the Superior Court level, there is some division of authority about the issue. The better reasoned opinions, however, conclude that it is not possible to render summary judgment on part of a count of a complaint. See, e.g. Schofield v. Bic Corporation,3 Conn. L. Rptr. 229 (1991). Accordingly, the defendant's motion for partial summary judgment is denied by the court.
VERTEFEUILLE, J.